UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BAR INVEST MANAGEMENT
SERVICES, LLC.,
a Florida limited liability company,

    Plaintiff,

vs.

LEONARDO ZAMORA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Bar Invest Management Services, LLC. ("Plaintiff"), hereby sues Defendant, Leonardo Zamora ("Defendant"), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for violation of the Federal Computer Fraud and Abuse Act (18 U.S.C. 1030(g)), breach of contract, and violation of the Florida Computer Abuse and Data Recovery Act (Fla. Stat. § 668.801, *et seq.*).

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action raises a claim under the Federal Computer Fraud and Abuse Act, 18 U.S.C. 1030(g) ("CFAA"). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same operative facts as the federal claim.

3. Plaintiff is a limited liability company organized and existing pursuant to the laws of the State of Florida.

4. Defendant is a resident of Broward County, Florida.

5. Personal jurisdiction is proper in Florida and in this District because Defendant is a citizen of and resides in Broward County, Florida. Additionally, personal jurisdiction over Defendant is proper pursuant to Rule 4 of the Federal Rules of Civil Procedure because Defendant breached his contract and engaged in the wrongful acts described below in Broward County, Florida.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and the events giving rise to the claims occurred and continue to occur in this District.

7. Plaintiff has retained the undersigned law firm and has agreed to pay it a reasonable fee.

8. All conditions to filing this action have been satisfied or waived.

## **STATEMENT OF FACTS**

9. Plaintiff is a property management company that manages various rental property complexes in South Florida.

10. On December 4, 2020, Plaintiff hired Defendant to serve as an Assistant Property Manager for a property known as Waterview Apartments.

11. On February 4, 2021, Defendant was transferred to work as an Assistant Property Manager at a different complex known as The Landings at Pembroke Lakes.

12. In connection with his employment, Defendant was provided an Employee Handbook, which he signed and agreed to be bound by. Because the Employee Handbook is confidential, it is not being attached as an exhibit hereto but will be provided to Defendant upon the entry of a confidentiality order and will be filed with the Court when needed under seal.

13. Among other things, by signing the Employee Handbook, Defendant agreed to maintain Plaintiff's confidential information confidential, including things such as planned research and development, business plans, price lists, data and information regarding services, information concerning the business and affairs of the company, and studies.

14. Moreover, Plaintiff also agreed not to transmit or disclose confidential information without authorization.

15. Defendant's employment with Plaintiff was terminated on June 21, 2022.

16. Even prior to June 21, 2022, however, Defendant was aware that his employment was in jeopardy given the periodic reviews of his performance by his supervisor.

17. On June 12, 2022, Defendant emailed from his company email account to his personal email account approximately 50 separate emails containing Plaintiff's confidential information, in direct violation of the confidentiality provisions of the Employee Handbook. The emails contained items of non-public Company information, such as internal communications between Plaintiff's employees (including communications relating to pricing and other matters concerning the strategic operation of Plaintiff's business), privileged communications between Plaintiff and its lawyers regarding evictions and rental related matters, and internal market surveys concerning rent pricing.

18. Defendant's transmission of those items from his company email to his personal email is a breach of the confidentiality provisions of the Employee Handbook, and thus the terms of his employment with Plaintiff.

19. Additionally, Plaintiff specifically prohibits the possession of firearms inside of company buildings or while performing company-related duties.

20. Nonetheless, on January 26, 2022, Defendant transmitted from his company email address to his personal email address three pictures of a firearm. A copy of the three pictures are attached hereto as Composite Exhibit A.

21. Defendant apparently thought that he would be able to destroy evidence of the above-referenced breaches by attempting to delete, immediately after he was terminated on June 21, 2022 but before the company could shut off his email access, all of his work-related emails. Nonetheless, the emails remained on Plaintiff's server.

22. On June 23, 2022, Plaintiff, through undersigned counsel, wrote Defendant to advise of the foregoing breaches (minus the firearm-related breaches), and demanded that Defendant immediately delete the transmitted emails and allow Plaintiff an opportunity (through IT professionals) to verify same. A copy of the demand letter is attached hereto as Exhibit B.

23. Shortly after sending Defendant the demand letter by email, Defendant responded by denying the transmissions and ultimately refused to comply with Plaintiff's demand to delete the emails.

**COUNT I**
**VIOLATION OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT**

24. Plaintiff realleges paragraphs 1 through 23 above.

25. Defendant used Plaintiff's computer and computer system in connection with his employment by Plaintiff.

26. Plaintiff's computer and computer system are "protected computers" within the meaning of the CFAA, 18 U.S.C. § 1030.

27. Defendant knowingly exceeded his authority to access these protected computers and devices and obtained confidential and trade secret information from the protected computers.

28. Defendant's conduct constitutes a violation of the CFAA.

29. Plaintiff suffered losses of at least $5,000, including the costs of this action and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests a judgment awarding it its damages, in addition to a temporary and permanent injunction enjoining Defendant from any dissemination of the transmitted emails or any other confidential information of Plaintiff, as well as an injunction requiring Defendant to delete all transmitted emails and allow Defendant (or a court-appointed designee at Defendant's cost) to examine Defendant's computer records to verify that the emails were (a) not further disseminated and (b) deleted, together with an award of attorneys' fees and costs.

## COUNT II
## PRELIMINARY AND PERMANENT INJUNCTION

30. Plaintiff realleges paragraphs 1 through 23 above.

31. Defendant knowingly and voluntarily entered into an agreement not to disclose to any third parties Plaintiff's business strategies, financial planning, financial results, contracts, employee salary and staffing information, personnel information, and other confidential information, unless explicitly authorized by the Company or until that information is publicly disseminated by the Company..

32. Defendant breached the contract by transmitting the emails as mentioned above.

33. Prior to his termination, Defendant also accessed Plaintiff's protected computers, and accessed, obtained, and transmitted data from those computers, thereby clearing exceeding his authority under Company policy and the law.

34. Plaintiff has been, and will continue to be, harmed as a result of Defendant's breach of the confidentiality provisions in the Employee Handbook and his violations of the CFAA and CADRA, and said harm is irreparable.

35. Plaintiff has a clear legal right to an injunction requiring Defendant to delete the illegally transmitted emails.

36. Plaintiff has no adequate remedy at law.

37. There will be no public harm by granting injunctive relief. Indeed, the public has an interest in having contractual obligations enforced, and enforcement of the Federal and Florida legislatures' respective pronouncements and codification regarding the access and divulgement of information obtained via unauthorized access is in the public's best interest.

WHEREFORE, Plaintiff respectfully requests a temporary and permanent injunction enjoining Defendant from any dissemination of the transmitted emails or any other confidential information of Plaintiff, as well as an injunction requiring Defendant to delete all transmitted emails and allow Plaintiff (or a court-appointed designee at Defendant's cost) to examine Defendant's computer(s) to verify that the emails were (a) not further disseminated and (b) deleted, together with an award of attorneys' fees and costs.

## COUNT III
## VIOLATION OF COMPUTER ABUSE AND DATA RECOVERY ACT

38. Plaintiff realleges paragraphs 1 through 23 above.

39. While Defendant was employed by the Plaintiff he used Plaintiff's computer and computer systems.

40. Plaintiff's computer and computer systems are a "protected computer" under section 668.802(6) of the Florida Statutes.

41. Defendant's transmission of information from Plaintiff's computer constituted unauthorized use of the computer.

42. Defendant obtained information from a protected computer without authorization and caused Plaintiff harm.

6

WHEREFORE, Plaintiff respectfully requests a judgment awarding it its damages, in addition to a temporary and permanent injunction enjoining Defendant from any dissemination of the transmitted emails or any other confidential information of Plaintiff, as well as an injunction requiring Defendant to delete all transmitted emails and allow Defendant (or a court-appointed designee at Defendant's cost) to examine Defendant's computer records to verify that the emails were (a) not further disseminated and (b) deleted, together with an award of attorneys' fees and costs.

Dated: This 26 day of July, 2022.

        Respectfully submitted,

**GRAYROBINSON, P.A.**
*Attorneys for Plaintiff*
333 S.E. 2nd Avenue
Suite 3200
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

_____
Juan C. Martinez
Florida Bar No. 9024
juan.martinez@gray-robinson.com
edelweiss.cianella@gray-robinson.com

#47974827 v1